UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jotham R. Simmons, #24749-171, | ) | C/A No. 4:15-cv-03401-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Jeremiah Beam; | ) | |
| H. Eric Cohoon; | ) | |
| The City of Myrtle Beach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Jotham R. Simmons ("Plaintiff") is a federal prisoner who was convicted in this court in December 2013 on a guilty plea to two firearm-related charges. *United States v. Simmons*, Crim. No. 4:12-910-RBH (D.S.C.). Three additional drug-related counts and two additional firearm-related counts were terminated in connection with the plea. Plaintiff is currently incarcerated at FCI-Williamsburg in Salters, South Carolina. In the Complaint under review, Plaintiff asserts that he was subjected to "false imprisonment" and "bad faith prosecution" by Defendants Beam, a City of Myrtle Beach law-enforcement officer; and Cohoon, an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Compl. 2, ECF No. 1. Plaintiff alleges

1

that he was subjected to a vehicle stop in Myrtle Beach on October 22, 2012 and was taken into custody by Defendant Beam on a state-issued arrest warrant for marijuana distribution. *Id*. at 3. According to Plaintiff, Defendant Beam informed him at the time of the vehicle stop that there was an outstanding arrest warrant for marijuana distribution against Plaintiff. *Id*. Plaintiff alleges that marijuana was found in his car, but that he was "not charged and booked for the alleged arrest warrant or the subsequent finding of marijuana in his vehicle . . . ." *Id*. Plaintiff asserts that the October 22, 2012 arrest and detention were "illegal" and were carried out so that Defendant Beam could obtain a search warrant from state court for Plaintiff's house, where "firearms" were found, seized, and, thereafter, used to "enhance plaintiff's federal sentence." *Id*. Plaintiff further alleges that, even though he was taken into custody following the October 22 arrest and several state criminal charges were filed against him the next day (October 23, 2012), no indictment or information was ever filed on those charges.[1] Regarding those state charges, Plaintiff asserts that Defendant Beam "moved to unlawfully justify the arrest and detention of plaintiff the previous day . . . by obtaining an arrest warrants [sic] from a state judge court magistrate . . . ." *Id*.

Liberally construing Plaintiff's allegations and the considering relevant publicly available court records, it is appears that Horry County authorities decided not to go forward with a prosecution of the five state charges that were lodged against Plaintiff on October 23, 2012 based on the evidence seized from the October 22, 2012 vehicle stop and residence search. Instead,

---

[1] The undersigned takes judicial notice of the on-line records of the Horry County Clerk of Court that disclose the nature of the charges against Plaintiff show an arrest date of October 23, 2012. *See Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). The records of each of those five charges show that they were "filed" on November 2, 2012 and were "dismissed" on December 14, 2012. *See* http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (last consulted September 22, 2015) (the state charges filed against Plaintiff were three charges of drug manufacture/possession and two counts of sale or delivery of stolen pistol; Horry County case nos. M843454, M843455, M843456, M843457, M975169).

Horry County provided the seized evidence to federal authorities and deferred any state prosecution on that evidence and the surrounding factual circumstances in favor of a federal one.[2] Plaintiff alleges that Defendant Cohoon conspired with the United States Attorney to file and pursue the federal charges based on the allegedly illegally obtained evidence. *Id*. at 4. In his request for relief Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. *Id.* In the "Relief" section of the Complaint Plaintiff also alleges that he is suing the City of Myrtle "for inadequate training and hiring of Defendant . . . Beam . . . and for longstanding customs and policy," although he does not describe or name the customs or policies. Plaintiff also seeks recovery under the Federal Torts Claim Act ("FTCA") for his request for an award of compensatory damages against Defendant Cohoot. *Id*. at 6.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

---

[2] The undersigned takes judicial notice of the fact that the United States Attorney for the District of South Carolina filed a federal criminal complaint against Plaintiff on November 5, 2012, charging him with being a felon in possession of a firearm in Horry County on October 22, 2012. *United States v. Simmons*, Crim. No. 4:12-910-RBH (ECF No. 1). It is clear from the contents of Defendant Cohoon's affidavit in support of the federal criminal complaint, ECF No. 1-1, that the federal charges are based on the identical facts and evidence as were the state charges that were originally lodged against Plaintiff. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

*Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, Plaintiff's conclusory assertion of "false arrest" in this case is not sufficiently supported by his factual allegations to state a plausible claim for relief against any Defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (initial pleadings must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)). This is true because both Plaintiff's allegations and the judicially noticed contents of Defendant Cohoon's affidavit in support of the federal complaint show that Plaintiff's vehicle was stopped by Defendant Beam on October 22, 2012 in

reliance on a facially valid, pre-existing, state-issued arrest warrant for marijuana distribution. *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (no false arrest in South Carolina when facially valid warrant issues). Although Plaintiff urges that the arrest warrant was not properly "executed" because he was never formally indicted on the state marijuana distribution charges that were lodged against him on the day after his arrest, *see supra note* 1 and accompanying text, he does not allege that the arrest warrant was invalid on its face. Thus, under the applicable law as stated in *Dorn*, Plaintiff's assertion of false arrest is not plausible and, to the extent that his Complaint raises that claim, it is subject to summary dismissal.

Also, Plaintiff's claims of "false imprisonment" and "bad faith prosecution" are subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to civil actions alleging constitutional violations and/or other improprieties in connection with the prosecution of criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[3] *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief).

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights claims based on the conviction and related matters will be barred if success on the civil claims would require a court to find that the conviction was invalid. This court has ruled that *Heck* applies to claims brought under 42 U.S.C. § 1983, the *Bivens* Doctrine, and the FTCA. *Hutchinson v. United States*, No. 9:08-0735-MBS, 2008 WL 5114582, at *1 (D.S.C. Dec. 2, 2008) (citing *Abiodun v. Mckasey,* 264 F. App'x 726 (10th Cir. 2008) and *Dare v. United States,* 264 F. App'x 183 (3d Cir. 2008)).[4] Other courts have ruled that *Heck* applies to "claims against a city for negligent hiring, supervision, and training, *Sullivan v. City of Phoenix*, No. CV 11-1427-PHX-DGC (DKD), 2012 WL 2299473, at *3 (D. Ariz. May 25, 2012), and unconstitutional customs and policies, *Lynch v. Suffolk Cnty. Police Dep't*, 348 F. App'x 672, 675 (2d Cir. 2009). *Heck* is not applicable to false-arrest claims, at least those raised by pre-trial detainees. *Wallace v. Kato*, 549

---

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims against Defendants Beam and City of Myrtle Beach are appropriately raised under § 1983, while his claims against Defendant Cohoon, a federal agent, arise under the analogous *Bivens* Doctrine. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under § 1983, and the doctrine was judicially developed to address claims against federal agents who cannot be sued under § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). The FTCA arguably provides an appropriate basis under which any finding of negligence by Defendant Cohoon could be redressed. *See* 28 U.S.C.§§ 1346, 2674 (the FTCA waives the sovereign immunity of the United States in certain situations).

U.S. 384, 393-94 (2007). Here, though, Plaintiff fails to state a plausible false-arrest claim, thus rendering *Wallace v. Kato* inapplicable.

The Fourth Circuit Court of Appeals has held that *Heck*'s requirement that convictions be set aside or charges finally dismissed before a civil constitutional-violation claim arising from a criminal prosecution may be pursued is a favorable-termination rule equivalent to the one applicable to state-law-based malicious-prosecution claims. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). If, as here, a conviction is not actually obtained on the disputed criminal charges (in this case, the state charges filed after Plaintiff's vehicle and residence were searched), the favorable-termination rule requires that prosecution of such charges be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). *Restatement (Second) of Torts* § 660 (1977). In this regard, this court and others hold that dismissal of pending state charges for reasons *other than* the defendant's innocence does not satisfy the *Heck* favorable-termination requirement. *See Wilkins v. DeReyes,* 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F. 3d 552, 558-59 (7th Cir. 1997). Specifically, this court has held that dismissal of the state drug and firearm charges in favor of a federal prosecution was not a "favorable termination" of those charges because the dismissal was for purposes other than the plaintiff's innocence of the charges. *See Stokes v. Moorman*, No. 9:10-1711-CMC, 2010 WL 3862568, at *5 (Aug. 17, 2010) (collecting cases), *report and recommendation adopted*, 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, 406 F. App'x 823 (4th Cir. 2011); *Jackson v. Gable*, No. 0:05-2591-HFF, 2006 WL 1487047, *6 (D.S.C. May 25, 2006).

Plaintiff's allegations of unconstitutional arrest and search and seizure, if true, would require this court to find that his federal conviction is invalid because it is clearly based on the

7

facts and evidence obtained from the disputed arrest and search and seizure and was derivative of the dismissed state charges. Thus, the *Heck* holding is applicable to Plaintiff's claims. Moreover, the totality of the circumstances alleged in the Complaint and supplemented through judicial notice of relevant court records show that, even though now-dismissed, neither the state charges nor the federal charges were favorably terminated. The on-line Horry County court records only show that the state charges were "dismissed;" they do not indicate *why* they were dismissed, *see supra* note 1; Plaintiff does not allege that the state charges were dismissed because of his innocence. In fact, he pleaded guilty to two federal charges that were based on the same facts and evidence as were the dismissed state charges. Plaintiff's own allegations about the items seized from his vehicle and his home and about the way his federal prosecution was begun, coupled with the fact that the federal charges were based on the same facts and evidence used to support the state charges, show that the Horry County charges were not dismissed because Plaintiff was innocent of the charges. Instead, as is often the case in this District and elsewhere, it was determined that federal court would provide a better forum for prosecution of the drug and firearm charges against Plaintiff. Thus, the Complaint allegations fail to support any reasonable inference that the state charges were dismissed because Plaintiff was innocent of the charges, and Plaintiff has not sustained his burden of showing that the any of the criminal charges arising from the disputed arrest and searches were terminated in his favor. *See Restatement of Torts (Second)* § 672 (1977) (plaintiff has burden of proving favorable termination). In absence of such a showing, to the extent that it asserts "false imprisonment" and "bad faith prosecution" or "failure to train" or "unconstitutional custom and/or policy" against any Defendant, Plaintiff's Complaint is barred by *Heck* and should be dismissed.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 25, 2015                                                          Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).