UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jotham R. Simmons, | ) | Civil Action No.:  4:15-cv-03401-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jeremiah Beam, H. Eric Cohoon, | ) | |
| and the City of Myrtle Beach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jotham R. Simmons, a federal prisoner proceeding pro se, commenced this action by filing a complaint pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the three above-named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1] *See* R & R, ECF No. 9. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 11.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### Discussion[2]

Among other allegations in his complaint,[3] Plaintiff alleges that on October 22, 2012, Defendant Jeremiah Beam (a narcotics detective for Defendant City of Myrtle Beach) stopped Plaintiff's vehicle "on an alleged 'active' arrest warrant for Distribution of Marijuana," searched the vehicle and found marijuana in the glove box, placed him under arrest, and transported him to jail.  ECF No. 1 at 3-5. Plaintiff claims that his October 22 arrest was not actually based on the "active" arrest warrant for marijuana distribution, the marijuana found in the vehicle, or any other criminal offense, and that he "was never charged and booked for any type of criminal offense by [Defendant Beam] on October 22,

---

[2]        The Court incorporates by reference the applicable procedural history and relevant legal standards set forth in the Magistrate Judge's R & R.

[3]        The R & R sets forth a full summary of Plaintiff's factual allegations.  *See* R & R at 1-3.

2012." *Id.* at 3.  He further alleges Defendant Beam "moved to unlawfully justify the arrest and detention" by obtaining arrest warrants from a state magistrate judge the next day, October 23, 2012.[4] *Id.*  Plaintiff asserts claims for false arrest, false imprisonment, and "bad faith prosecution."  *Id.* at 2.

The Magistrate Judge recommends that the Court summarily dismiss the complaint as to all three of Plaintiff's claims.  As for false arrest, the Magistrate Judge takes judicial notice of the records from Plaintiff's federal criminal proceeding in this Court, *United States v. Simmons*, Crim. No. 4:12-910-RBH (D.S.C.); notes Defendant H. Eric Cohoon's affidavit in support of the criminal complaint shows the October 22, 2012 traffic stop was based on a facially valid arrest warrant for marijuana distribution; and therefore recommends finding Plaintiff's conclusory assertion of false arrest does not state a plausible claim for relief against any defendant.  R & R at 4-5.  As for all three of Plaintiff's claims, the Magistrate Judge recommends finding they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Id.* at 5-8.

Plaintiff objects to the Magistrate Judge's recommendation regarding his claims for false arrest and false imprisonment.[5]  Regarding the false arrest claim, Plaintiff objects to the following sentence in the R & R: "Although Plaintiff urges that the arrest warrant was not properly 'executed' because he was never formally indicted on the state marijuana distribution charges that were lodged against him on the day after his arrest, . . . he does not allege that the arrest warrant was invalid on its face."  Pl.'s Objs. at 1-2 (quoting R & R at 5).  Plaintiff contends that, contrary to the Magistrate Judge's finding,

---

[4]    Additionally, Plaintiff alleges Defendant Beam carried out the "illegal arrest and subsequent detention" in a "conniving" effort to acquire a search warrant for Plaintiff's house, where firearms were found.  *Id.*

[5]    Plaintiff does not object to the Magistrate Judge's recommendation as to the bad faith prosecution claim. *See Diamond*, 416 F.3d at 315, *and Camby*, 718 F.2d at 199-200 (stating that absent a specific objection, a district court need only review a magistrate judge's recommended finding for clear error, and the district court need not give any explanation for adopting the magistrate's recommendation).

he in fact *has* alleged the arrest warrant was "<u>invalid</u>, <u>null</u> and <u>void</u>." *Id.* at 2. Regarding both the false arrest and the false imprisonment claims, Plaintiff contends *Heck* does not bar either claim. *Id.* at 3.

Initially, the Court takes judicial notice of the records from Plaintiff's criminal case that indicate his October 22, 2012 arrest was based on an arrest warrant for distribution of marijuana. *See United States v. Simmons*, Crim. No. 4:12-910-RBH (D.S.C.). Defendant Cohoon, an agent for the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, swore in his affidavit in support of the federal criminal complaint that a confidential informant bought marijuana from Plaintiff on July 30, 2012, and that law enforcement obtained an arrest warrant for distribution of marijuana for Plaintiff based on this purchase. *See Simmons*, Crim. No. 4:12-910-RBH, at ECF No. 1-1 ¶ 5. Defendant Cohoon indicated law enforcement officers stopped Plaintiff's vehicle on October 22, 2012, and arrested him based on the arrest warrant for distribution of marijuana. *Id.* at ¶ 6. Although Plaintiff claims (somewhat confusingly) he was not arrested on that warrant or any other valid warrant,[6] the Court need not resolve this factual discrepancy in light of the Court's conclusion that *Heck* bars all of Plaintiff's claims.

In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional

---

[6]      In support of this argument, Plaintiff submitted copies of the five purported arrest warrants. *See* ECF Nos. 11-1 & 11-2. Plaintiff takes great issue with the date on which the warrants were signed and executed, claiming his arrest on October 22, 2012, was unlawful because the warrants were not executed until the following day, October 23, 2012. *See* Pl.'s Objs. at 3-4.

The Court notes one of the arrest warrants Plaintiff submitted contains Defendant Beam's signed affidavit summarizing the July 30, 2012 controlled buy from Plaintiff. ECF No. 11-1 at 2. This warrant specifies it was "sworn and subscribed before" a judge (Benjamin C. Allen) "on 10/19/2012"—three days before Plaintiff's arrest—and it contains a judge's signature. *Id.* Thus, it appears the warrant is facially valid, contrary to Plaintiff's argument. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. . . . [A] claim for false arrest may be considered only when no arrest warrant has been obtained." (citing *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996)); *see also Campbell v. Fitzsimmons*, Civ. No. 8:09-2249-TLW, 2009 WL 4984297, at *4 (D.S.C. Dec. 11, 2009) (finding the plaintiff's false arrest claim failed because "[a] copy of the arrest warrant . . . has the signature of a judge and appears to state that the victim identified Plaintiff as the perpetrator," thereby making "[t]he warrant . . . facially valid").

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff bringing a § 1983 claim must establish that the conviction or sentence has been reversed, expunged, or otherwise declared invalid.[7] 512 U.S. at 487 (1994). In 2013, Plaintiff pled guilty to two felony federal firearm offenses, and this Court sentenced him to an aggregate term of 138 months' imprisonment. *See* R & R at 1 (taking judicial notice of this Court's records from Plaintiff's criminal case); *United States v. Simmons*, Crim. No. 4:12-910-RBH (D.S.C.). Although the initial state charges on which Plaintiff was arrested were ultimately dismissed, it was because his criminal liability was pursued by the United States Attorney's Office for the District of South Carolina in federal court. In fact, Plaintiff pled guilty pursuant to a negotiated plea agreement that dismissed other counts in the federal indictment—which stemmed from Plaintiff's conduct on October 22, 2012. *See Simmons*, Crim. No. 4:12-910-RBH, at ECF Nos. 17 (federal indictment) & 44 (plea agreement). It is clear from the record in Plaintiff's criminal case that his federal convictions were based on the same facts and evidence as the dismissed state charges. Thus, the dismissal of the state charges does not qualify as a favorable termination. The Court agrees with the Magistrate Judge that *Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his federal convictions and sentences, which have not been overturned or otherwise called into question. *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Accordingly, the Court overrules Plaintiff's objections.

## Conclusion

---

[7]     The rule in *Heck* applies to both § 1983 actions and *Bivens* actions. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012). Although *Heck* does not apply to claims of false arrest in the pre-conviction context when criminal charges are still pending, *see Wallace v. Kato*, 549 U.S. 384 (2007), that is not the case here because Plaintiff has been convicted.

The Court has reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, and Plaintiff's objections, and the Court has applied the relevant law. The Court has conducted a de novo review of the R & R and finds no merit in Plaintiff's objections. For the reasons stated in this Order and in the Magistrate Judge's R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 9] by reference. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina                                         s/ R. Bryan Harwell
July 28, 2016                                                    R. Bryan Harwell
                                                                United States District Judge

6